## In re MERRITT, Bankrupt.

(*District Court, D. New Jersey.* May 24, 1881.)

1. BANKRUPTCY—"TRADESMAN."

Previous to his bankruptcy, A. was superintending the running of a steamer, and, as treasurer of the corporation owning her, received and disbursed the moneys earned by the steamer. *Held*, that A., sustaining such a relation to the corporation, was not a merchant or tradesman within the meaning of the bankrupt act, and was not subject to its penalties for not keeping proper books of account.

On Specifications against Discharge.

*D. A. Ryerson*, for bankrupt.

*B. Wayne Parker*, for creditors.

NIXON, D. J. Seven specifications are filed in this case against the discharge of the bankrupt. The first alleges that the bankrupt swore falsely in various particulars on his examination as a witness during the bankruptcy proceedings; the second, that he concealed certain property, therein specified, belonging to him at the time of filing his petition; the third, that he destroyed, mutilated, and altered his books and papers with intent to defraud his creditors; the fourth, that he fraudulently admitted false and fictitious debts against his estate, claimed by his father and brother; the fifth, that he had knowledge that such debts were proved against his estate, and did not disclose the same to his assignee; the

sixth, that being a merchant he has not, at any time since March 2, 1867, kept proper books of account; and the seventh, that he procured the proof of false and fictitious claims against his estate by Darius P. Merritt, Charles H. Merritt, and George W. Clark, and their assent to his discharge by promising to pay their claims.

The testimony is voluminous, and I have read the same with care. There is much in it which discloses a reckless and speculative spirit in the bankrupt, in his methods of transacting his business, but nothing that indicates perjury, dishonesty, or fraud. The sixth specification is the only one which has given me trouble. This has reference to the bankrupt as a merchant not keeping proper books of accounts,—the only provision in the law which hinders a discharge, irrespective of any question of fraudulent intent. It is my duty in considering it simply to inquire into the fact, leaving the motives of the bankrupt out of the question altogether. It is provided by the seventh clause of section 5110 of the act that no bankrupt, being a merchant or tradesman, shall be discharged from his debts, who has not at all times after March 2, 1867, kept proper books of account.

To bring the bankrupt within the penalty of the section he must be a merchant or tradesman. The business in which he was engaged previous to his bankruptcy was superintending the running of the steamer Novelty, beginning in August, 1875, and ending the last of November, 1876, when the boat was wrecked and lost. The evidence is that his father purchased the steamer and permitted the bankrupt to have her control and management under the verbal agreement that he should pay all running expenses, and the costs of keeping the vessel in repair, and should have one-half of the net earnings or profits for his compensation. During this arrangement a corporation was formed, called the Newark Transportation Company. The boat was put in at a valuation of $50,000, and 500 shares of capital stock were issued, at the par value of $100 per share, and distributed by the father to his wife and children according to his pleasure, the

bankrupt receiving five shares in order that he might be eligible to the office of treasurer of the company. He became the treasurer, and as such officer he received and disbursed the moneys earned by the steamer, amounting in round figures to $4,000, and leaving no surplus for division after the payment of the running expenses and for keeping her in repair. He states further that books of account of the receipts and expenditures were kept; that after the loss of the steamer suits were brought in New York against two insurance companies for the moneys due upon policies of insurance; that the books were given to the lawyers in New York who had the charge of these suits, to be used therein, and that except the book of the minutes of the corporation he had never seen them since.

The burden of proof, that the bankrupt did not keep proper books of account, is upon the opposing creditors. I will not stop to inquire whether the court ought to refuse the discharge upon the testimony as it has been left by the parties, because I am of the opinion that the bankrupt, sustaining such a relation to the corporation, is not a merchant or tradesman, in the sense in which these words are used in the bankrupt act, and not being such he is not subject to the penalty of the section.

The discharge will be granted.